Filed 04/02/25

VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01978

---

**Danual Mason v. Anthony Jackson, et al**

---

## ENTRY REGARDING MOTION

Title:          Motion for Summary Judgment; Cross Motion for Summary Judgment on the Issue of Vicarious Liability; (Motion: 16; 17)
Filer:          Patrick D. Winburn; Evan James O'Brien
Filed Date:     February 07, 2025; March 07, 2025

This case involves a negligence dispute between Plaintiff Danual Mason (Mason) and Defendants Anthony Jackson (Jackson) and Globus Express LLC (Globus) arising from a motor vehicle accident.

Mason filed a Motion for Summary Judgment on the Issue of Vicarious Liability on February 7, 2025, arguing that he should be granted summary judgment on the issue of vicarious liability because Jackson was sufficiently controlled by Globus when the accident occurred.

On March 7, 2025, Globus filed a Cross Motion for Summary Judgment, along with a Statement of Undisputed Material Facts, and a Memorandum in Opposition to Mason's Motion for Summary Judgment, asserting that it is not subject to vicarious liability for Jackson's actions because he was an independent contractor.

On March 21, 2025, Mason filed a Response to Defendant Globus's Cross Motion for Summary Judgment and a Response and Objections to Defendant Globus's Statement of Material Facts Not in Dispute.

The ruling on the motions, for the reasons herein, is:
1. Mason's Motion for Summary Judgment is denied.

2. Globus's Motion for Summary Judgment is granted.

### Facts

The following facts are accepted as true. Globus is a general freight company. Globus paid Jackson to perform certain delivery jobs and paid him by the job. Jackson and Globus did not have an employment agreement. Jackson completed a Globus training program and had to drive with another driver before taking driving delivery jobs from Globus. Jackson received a 1099-NEC Form from Globus for tax purposes, rather than a W-2 Form, and was not guaranteed jobs from Globus on a week-to-week basis. Globus did not require Jackson to document his

time, fill out a logbook or duty log, or wear a Globus uniform. On average, Jackson worked approximately 20 hours a week for Globus.

On June 4, 2022, Jackson picked up an assigned Budget ® delivery truck for Globus to drive to an Amazon Warehouse in Wallingford. Globus paid for the gas for the truck, paid for the rental truck, and told Jackson where to pick up the truck. Once at the Amazon warehouse, Amazon directed Jackson where to drive the truck to deliver the parcels in the truck. Jackson drove the truck to the post office, as directed by Amazon, and then began his return trip. While driving the truck on the return trip from the post office, Jackson rear-ended Mason. Shortly after the accident, Jackson called Globus to report the accident, and a Globus representative instructed Jackson to take photographs of the accident.

## Discussion

A motion for summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). Allegations of the nonmoving party, if supported by admissible evidence, are regarded as true when determining if a genuine issue of material fact exists. *Morisseau v. Hannaford Bros.*, 2016 VT 17, ¶ 12, 201 Vt. 313. The benefit of reasonable doubts and inferences goes to the nonmoving party. *Id.* The procedures of Rule 56 should be construed liberally in favor of resolving disputes on their merits. *Stone v. Town of Irasburg*, 2014 VT 43, ¶ 57, 196 Vt. 356. A moving party has the burden of proving there are no disputed issues of material fact that exist. *Fitzgerald v. Congleton*, 155 Vt. 283, 294 (1990).

Where both parties move for summary judgment, each party is entitled to the benefit of all reasonable doubts and inferences when the opposing party's motion is being judged. *Bixler v. Bullard,* 172 Vt. 53, 57 (2001). The court must rule on each party's motion independently under the Rule 56 standard, and both motions should be denied if there is a genuine issue of material fact. 10A Wright & Miller, Federal Practice & Procedure: Civil § 2720 (3d ed.).

I.    **Mason's Motion for Summary Judgment is denied because the undisputed facts do not demonstrate that Jackson was an employee of Globus as a matter of law.**

"Under the settled doctrine of respondeat superior, an employer or master is held vicariously liable for the tortious acts of an employee or servant committed during, or incidental to, the scope of employment." *Kuligoski v. Rapoza*, 2018 VT 14, ¶ 13, 207 Vt. 43 (citing *Brueckner v. Norwich Univ.*, 169 Vt. 118, 122–23 (1999)); see Restatement (Third) of Agency § 7.07(1) ("An employer is subject to vicarious liability for a tort committed by its employee acting within the scope of employment."). In the context of tort cases, the Vermont Supreme Court has relied on the common law "right to control" test to determine whether a worker is a is an employee or an independent contractor. *Kuligoski*, 2018 VT 14, ¶ 14; see *Hathaway v. Tucker*, 2010 VT 114, ¶ 23, 189 Vt. 126.

Under the right to control test, "a worker is an employee if the party for whom work is being done may prescribe not only what the result shall be, but also may direct the means and

methods by which the other shall do the work." *Hathaway*, 2010 VT 114, ¶ 23. "An employee is an agent whose principal controls or has the right to control the manner and means of the agent's performance of work." Restatement (Third) of Agency § 7.07(3)(a).

In addition to the extent of control, the Restatement factors examine whether the worker is engaged in a distinct occupation, "whether the kind of occupation engaged in is usually done under the direction of an employer, the skill required, whether the worker supplies the tools for the work, the length of time the worker is employed, whether payment is by time or by the job, whether the work is part of the regular business of the principal, whether the parties believe they are creating an employer-employee relationship, and whether the principal is or is not in business." *Kuligoski v. Rapoza*, 2018 VT 14, ¶ 16, 207 Vt. 43 (citing Restatement (Second) of Agency § 220(2)(a)-(j)).

Thus, for Mason to prevail on his motion, the undisputed facts must show that Jackson was working for Globus as an employee, not an independent contractor, when the accident occurred to impose vicarious liability on Globus.

Here, Mason insists that the undisputed facts show that Jackson was an employee under the control of Globus because Globus supplied him with the items to deliver, told him where to deliver the items, and rented the truck Jackson used on the day of the alleged accident.

The Court does not find that these facts demonstrate a sufficient level of control to subject Globus to vicarious liability. To the contrary, these facts tend to show that Globus exercised little to no control over how Jackson performed his work. Globus only directed Jackson to pick up items and deliver them in a certain vehicle. The facts do not show that Globus controlled anything other than the broad outline of what Jackson had to do to get paid. Essentially, Jackson did the work without oversight, and there was no close supervision of his work by Globus. Since Mason has failed to demonstrate at this stage that Jackson was an employee of Globus as a matter of law, his Motion is denied.

## II. Globus's Motion for Summary Judgment is granted because the Restatement factors do not weigh in favor of finding that Jackson was a Globus employee.

Globus insists that it is entitled to summary judgment as a matter of law because the undisputed facts show that Jackson was an independent contractor.

In *Hathaway v. Tucker*, the Vermont Supreme Court, using the right to control test and the Restatement factors, found that a truck driver for Casella was an employee and not an independent contractor. See *Hathaway v. Tucker*, 2010 VT 114, ¶ 1, 189 Vt. 126. Applying the right to control test, the Court affirmed that the driver was an employee because Casella controlled the driver pickup times, paid the driver by the hour, expected the driver to be immediately available when called, and had the authority to direct alternative routes. *Id*. ¶ 24. Based on these factors, under the right to control test, the Court ruled that Casella controlled the end result of the driver's work, as well as the details, manner, and means of the driver's work. *Id*.

The *Hathaway* Court noted that the Restatement factors are supplemental to the right to control test, particularly in a close case. *Id*. ¶ 32. Looking at the Restatement factors, the Court

still found that the driver was an employee. *Id*. ¶ 33. Although the driver claimed his compensation for tax purposes as an independent contractor and the parties believed they created an independent contractor relationship, the Court still found that the factors favored an employer-employee relationship. *Id*. The Court observed that Casella provided the driver the truck, the driver was paid by the hour, the driver worked virtually full-time for Casella, and his work was part of the regular business of Casella. *Id*. ¶ 33–34. The Court also acknowledged that the fact that the parties believe that they are creating an independent contractor relationship is virtually present in every case and is rarely found to be determinative. *Id*. ¶ 33.

Here, like in *Hathaway*, the Court will consider the Restatement factors along with the right to control test because this is a "close case" with factors both favoring and disfavoring a finding that Jackson was an independent contractor of Globus.

Notably, Globus did not have direct oversight and control over how Jackson performed his work. Globus did provide the truck to Jackson, required him to do some training before accepting jobs, and prescribed the overall objective of his driving assignments. Additionally, the work performed by Jackson was in the regular business of Globus. However, the facts overwhelmingly support a finding that Jackson was merely an independent contractor. The facts do not show that Globus controlled how Jackson accepted jobs, provided a handbook of rules, exercised control over Jackson's route or truck loading, or exercised day-to-day control over his work. Instead, Jackson was paid by the job, Jackson and Globus did not believe that they were in an employer-employee relationship because Jackson was not guaranteed jobs form Globus and did not receive a W-2 form Globus[1], there was no employment agreement, and, especially salient to the Court, Amazon exercised more direct oversight over the delivery job than Globus. The facts indicate that Amazon exercised more direct control over the job and told Jackson where to deliver the parcels once Jackson arrived at the Amazon warehouse.

This case differs from *Hathaway*. There, Casella controlled the route, controlled the pickup times, paid the driver hourly, and basically employed the driver on a full-time basis. Casella also provided more intensive "on the fly" management to the driver because he was the only subcontractor of Casella to transport bulk liquid sewage waste, which made timing more important to Casella. *Id*. ¶ 24. Here, Globus provided the truck for Jackson to drive to Amazon, but then Amazon exercised more control over Jackson's work and driving route. Moreover, Globus did not pay Jackson hourly or employ him on a full-time basis. Jackson did not have to be readily available to Globus as part of his employment and Globus did not provide on the fly management over Jackson and his work. While Globus controlled the result of Jackson's work, this Court does not find that Globus exercised sufficient control over the means and methods of his work to rise to the level of an employer-employee relationship.

This Court concludes that Jackson was an independent contractor of Globus at the time of the accident. Accordingly, Globus's Motion for Summary Judgment is granted.

---

[1] Mason correctly points out the characterization as an independent contractor for tax purposes alone does not necessarily lead to a legal determination of employment status. See *Hathaway v. Tucker*, 2010 VT 114, ¶ 33, 189 Vt. 126. That said, along with several other of the Restatement factors, this factor still weighs in favor of finding that Jackson was an independent contractor, rather than an employee of Globus.

## ORDER

Mason's Motion for Summary Judgment is DENIED because he has not shown that Jackson was an employee of Globus at the time of the accident.

Conversely, Globus's Motion for Summary Judgment is GRANTED since the undisputed facts demonstrate that Jackson was an independent contractor at the time of the accident.

**Signed electronically April 2, 2025 pursuant to V.R.E.F 9(d).**

_____

**David Barra**
**Superior Court Judge**